Carolyn H. Cottrell (*Pro Hac Vice Forthcoming*)
California Bar No. 166977
Esther L. Bylsma (*Pro Hac Vice Forthcoming*)
California Bar No. 264208
Sandra Acosta Tello (*Pro Hac Vice Forthcoming*)
California Bar No. 315616
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
sacostatello@schneiderwallace.com

Whitney Stark, OSB No. 090350
whitney@albiesstark.com
**ALBIES & STARK**
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| DARRIN SMITH, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>COAST ALUMINUM, INC.<br><br>*Defendant.* | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br>(1) **Failure to Pay Overtime (29 U.S.C. §§ 201, et seq.);**<br>(2) **Failure to Pay Overtime Wages (ORS § 653.261 and OAR 839-020-0030);**<br>(3) **Failure to Relieve and Provide Full Meal Periods (OAR 839-020-0050);**<br>(4) **Unlawful Deductions of Wages (ORS § 652.610);**<br>(5) **Inaccurate Wage Statements (ORS § 652.610);**<br>(6) **Waiting Time Penalties (ORS § 652.140).**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff Darrin Smith ("Plaintiff") brings this Class and Collective action on behalf of himself and other similarly situated individuals against Coast Aluminum, Inc. ("Defendant," "Coast Aluminum," or the "Company") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Oregon wage and hour laws.

2. This action stems from Defendant's policies and practices of: (1) failing to pay Plaintiff and Collective and Class Members overtime wages; (2) failing to relieve Plaintiff and Class Members of all duties for 30 continuous minutes during their meal periods, and failing to pay compensate for non-compliant meal periods; (3) unlawful deductions; (4) failing to provide true and accurate itemized wage statements to Plaintiff and Class Members; and (5) failing to timely pay Plaintiff and Class Members all wages due upon separation from employment.

3. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the FLSA and Oregon laws, as well as other relief requested herein.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 216(b) of the FLSA. The FLSA authorizes a private right of action to recover damages for violation of the FLSA's wage and hour provisions. This Court has supplemental jurisdiction over the Oregon state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant because Defendant does business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff is employed in this District and the claims asserted arose in this District. At all material times, Defendant has been actively conducting business in the State of Oregon and within the geographic area encompassing the Portland Division of the State of Oregon.

/ / /

## PARTIES

7. Plaintiff is informed, believes, and thereon alleges that Defendant is a metal material supplier, that owns, operates, manages, and/or controls metal material facilities and their distribution across state lines. Defendant is a California corporation that does business in the greater Portland area and all Northern Oregon. *See* https://coastaluminum.com/locations/portland-or/. Defendant's Portland office is located at 17625 NE Sandy Blvd, Portland, OR 97230. Defendant may be served with process by serving its registered agent, Corporation Service Company, at 1127 Broadway St. NE, Suite 310, Salem, Oregon 97301.

8. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint is a resident of the State of Washington. Plaintiff was employed by Defendant as a truck driver from approximately November 2022 to February 2023, and March 2024 to April 25, 2024, and drove in Oregon and Washington. Plaintiff was employed in Defendant's Portland office.

12. Plaintiff and Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

13. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, and that said acts and failures to act were within the course and scope of Defendant's agency, employment and/or direction and control.

14. Plaintiff is informed, believes, and thereon alleges that Defendant had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

15. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are truck drivers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it transports metal across state lines and conducts business deals with merchants across state lines.

16. At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

17. Coast Aluminum is a metal material supplier. Plaintiff is informed, believes, and thereon alleges that Defendant employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States and in Oregon.

18. Plaintiff worked for Defendant as a truck driver in Oregon from approximately November 2022 to February 2023, and March 2024 to April 25, 2024. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $27 per hour.

19. Although the Plaintiff's shifts varied in length, he usually worked approximately 10 to 12 hours or more per shift for approximately five (5) days per week.

20. Throughout the relevant time period, Defendant regularly failed to pay Plaintiff, Class and Collective Members for all hours worked.[1] Defendant regularly required Plaintiff, Class and Collective Members to perform work without compensation. For example, Plaintiff estimates that he worked approximately four hours of overtime per week that was not compensated by Defendant, including work performed during meal periods.

/ / /

---

[1] Class and Collective Members include current and former employees. For readability, the allegations herein are made in the past tense.

21. Additionally, Defendant regularly failed to relieve Plaintiff and putative Class Members of all duties for 30 continuous minutes during their meal periods, including their first meal periods and their second meal periods. Plaintiff and putative Class Members worked during and through their meal periods. Plaintiff and putative Class Members were not relieved of all duties for 30 continuous minutes during their meal periods. They were required to complete their routes on a timetable that did not permit full, uninterrupted meal periods. Defendant failed to compensate Plaintiff and putative Class Members for these non-compliant meal periods.

22. The Company's management was aware that Plaintiff and Class Members worked during and through meal periods. The Company's management adjusted Plaintiff and Class Members' records so that they incorrectly reflected meal periods that were not in fact taken. As a result, the "meal period" time was not recorded as time worked, and wages earned during that time were improperly deducted from Plaintiff's and Class Members' wages.

23. Throughout the relevant period, Defendant also failed to provide Plaintiff and Class Members with accurate wage statements. The wage statements did not accurately include the gross wages, the net wages, the amount of purpose of each deduction, and the number of overtime hours worked and pay for those hours.

24. Additionally, Defendant failed to timely pay Plaintiff and Class Members who terminated their employment with the Company all wages earned.

25. Plaintiff is informed, believes, and thereon alleges that Defendant utilized and applied the above wage and hour and meal break policies and practices across all of Defendant's job sites throughout Oregon.

26. Collective and Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

27. Collective and Class members report to locations owned, operated, or managed by Defendant to perform their jobs.

28. Collective and Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

29. Collective and Class members are required to follow and abide by common work, time, pay, meal breaks, and overtime policies and procedures in the performance of their jobs.

30. At the end of each pay period, Collective and Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

31. Defendant pays Collective and Class members on an hourly rate basis.

32. Defendant knows or should know that its policies and practices are unlawful and unfair. Defendant's method of paying Plaintiff, Collective and Class members was willful, and it cannot demonstrate a good faith basis as to the belief that its conduct of underpaying wages complied with either the FLSA, and Oregon law. Defendant's conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

33. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the proposed collective, defined as:

> **All current and former non-exempt, hourly driver employees of Coast Aluminum, Inc. throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").**

34. Plaintiff reserves the right to establish additional sub-collectives as appropriate.

35. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA.

36. Plaintiff is informed, believes, and thereon alleges that Collective Members have been denied compensation, including overtime wages, and would therefore likely join this collective action if provided with notice of their rights to do so.

37. Plaintiff and the Collective Members are similarly situated, and Plaintiff's and Collective Members' claims arise from a common nucleus of operative facts and from

Defendant's common policies and/or practices. Collective Members have substantially similar job duties and requirements. Like Plaintiff, Defendant subjected Collective Members to Defendant's common practices, policies, or plans that require them to work for Defendant without paying them overtime wages. Defendant's failure to pay overtime wages as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective Members.

38. This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

(a) Defendant maintained common scheduling systems and policies with respect to Plaintiff and similarly situated Collective Members, controlled the scheduling systems and policies implemented for Plaintiff and similarly situated Collective Members, and retained authority to review and revise or approve the schedules assigned to Plaintiff and similarly situated Collective Members;

(b) Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective Members;

(c) Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective Members, controlled the payroll systems and policies applied to Plaintiff and Collective Members, and set the pay rates assigned to Plaintiff and Collective Members;

(d) Defendant assigned to Plaintiff and Collective Members similar job duties; and

(e) Defendant subjected Plaintiff and Collective Members to the same violations of the FLSA, such as, *inter alia*, failure to pay overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

39. The similarly situated Collective Members are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated

employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

### RULE 23 CLASS ACTION ALLEGATIONS

40.   Plaintiff brings causes of action as a class action on behalf of himself and the putative Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former non-exempt employees who worked for Coast Aluminum Inc. throughout Oregon at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

41.   Plaintiff reserves the right to establish additional subclasses as appropriate.

42.   This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

(a)   **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiff is informed and believe that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

(b)   **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

(i)   Whether Defendant fails to compensate Class Members for all hours worked, including overtime, in violation of Oregon law;

(ii) Whether Defendant fails to relieve Class Members of all duties for 30 continuous minutes during their meal periods, and fails to pay Class Members for non-compliant meal periods, in violation of Oregon law;

(iii) Whether Defendant fails to provide Class Members with accurate itemized wage statements in violation of Oregon law;

(iv) Whether Defendant fails to timely pay Class Members for all wages owed upon termination of employment in violation of Oregon law; and

(v) The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

(c) **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

(d) **Adequacy of Representation**: Plaintiff is a Member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff are competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

(e) **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

43. The Class may also be certified because the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with

respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

44. If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

45. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime**

**Pursuant to 29 U.S.C. §§ 201, et seq.**

**(Individually and on Behalf of the Collective)**

46. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

48. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

49. Defendant is a covered employer required to comply with the FLSA's mandates.

50. Defendant has violated the FLSA with respect to Plaintiff and the Collective by failing to pay the legally mandated overtime premium for all hours worked over 40 hours per week. *See* 29 U.S.C. § 207 (a). Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

51. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly driver employees of Defendant, working throughout the United States.

52. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

53. Defendant acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

54. As a result of the aforesaid violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

55. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime**

**Pursuant to ORS § 653.261 and OAR 839-020-0030**

**(On Behalf of Plaintiff and Oregon Class Against Defendant)**

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Pursuant to ORS § 653.261, Defendant is required to pay Plaintiff and putative Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

58. Plaintiff and putative Class Members are entitled to recover unpaid overtime under Oregon law for unpaid time worked and meal breaks during which they are interrupted, on-duty, or otherwise subject to interruption.

59. Plaintiff and putative Class Members are also entitled to declaratory relief stating Defendant violated the statute, and continues to violate the statute, by incorporating and continuing to utilize the policy as described above, during weeks in which Plaintiff and putative Class Members work(ed) at least 40 hours.

60. Plaintiff and putative Class Members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS § 652.200; ORS § 82.010.

## THIRD CAUSE OF ACTION

**Failure to Provide or Make Provide Compliant Meal Periods**

**Pursuant to OAR 839-020-0050**

**(On Behalf of Plaintiff and Oregon Class Against Defendant)**

61. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

62. OAR Chapter 839 requires employers to provide employees, for each work period of not less than six or more than eight hours, "a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties." OAR 839-020-0050(2)(a). If the length of the work period is 14 hours to 21 hours and 59 minutes, employers must provide two meal periods.

63. Under OAR Chapter 839, "if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period." OAR 839-020-0050(2)(b).

///

64. Throughout the relevant time period, Defendant regularly fails to relieve Plaintiff and putative Class Members of all duties for 30 continuous minutes during their meal periods, both for their first meal periods and their second meal periods. Plaintiff and putative Class Members work during and through their meal periods. Plaintiff and putative Class Members are not relieved of all duties for 30 continuous minutes during their meal periods because they are required to complete their routes on a timetable that does not permit full, uninterrupted meal periods. Defendant does not pay Plaintiff and putative Class Members for these non-compliant meal periods.

65. Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and putative Class Members the ability to take the meal periods to which they are entitled. Defendant has also failed to pay Plaintiff and putative Class Members one hour of pay for each meal period that they are denied. Defendant's conduct described herein violates OAR Chapter 829. Therefore, Plaintiff and putative Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses, and costs of suit. *See* ORS § 652.200.

66. As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

67. Wherefore, Plaintiff and putative Class members request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### Unlawful Deduction of Wages

### Pursuant to ORS § 652.610

**(On Behalf of Plaintiff and Oregon Class Against Defendant)**

68. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

69. The Company's management is aware that Plaintiff and Class Members are working during and through meal periods. The Company's management adjusts Plaintiff and Class Members' records so that they incorrectly reflect meal periods that are not in fact taken. As a result, the "meal period" time as not recorded as time worked, and wages earned during that time are improperly deducted from Plaintiff's and Class Members' wages. Said deductions are unauthorized and in violation of ORS § 652.610.

70. As a result of Defendant's wrongful withholdings, Plaintiff and putative Class Members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS § 652.615. Defendant is liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS § 12.080(1).

71. Because of Defendant's failure to pay Plaintiff's and putative Class Members' wages within 48 hours after they were due, Plaintiff and putative Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

72. Because of Defendant's wrongful withholding from Plaintiff's and putative Class Members' wages, Plaintiff and putative Class Members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## FIFTH CAUSE OF ACTION

**Inaccurate Wage Statements**

**Pursuant to ORS § 652.610**

**(On Behalf of Plaintiff and Oregon Class Against Defendant)**

73. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74. Throughout the relevant period, Defendant failed to provide Plaintiff and putative Class Members with accurate wage statements. As Defendant does not accurately record or properly compensate Plaintiff and putative Class Members for their overtime and time worked

during meal periods, the wage statements do not accurately include the gross wages, the net wages, the amount of purpose of each deduction, and the number of overtime hours worked and pay for those hours. Defendant's failure to provide accurate itemized statements are in violation of ORS § 652.610.

75. As a result of Defendant's wrongful withholdings, Plaintiff and putative Class Members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS § 652.615. Defendant is liable for a period of six years under ORS § 12.080(1).

76. Because of Defendant's failure to provide accurate itemized wage statements, Plaintiff and putative Class Members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## SIXTH CAUSE OF ACTION

### Final Pay Penalties

### Pursuant to ORS § 652.140

### (On Behalf of Plaintiff and Oregon Class Against Defendant)

77. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

78. ORS § 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." See ORS § 652.140(1).

79. ORS § 652.140 further requires that individuals who provide at least 48 hours' notice of an intent to quit must immediately be paid all wages earned and unpaid at the time their resignation becomes effective. If the employee quits with less than 48 hours' notice, the employer must pay all wages earned and unpaid "within five days."

80. ORS § 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS § 652.140, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. *See* ORS § 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. *See* ORS § 652.150(1)(a).

81. Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS § 12.080(1)).

82. As described above, Defendant enacted a policy that deprives Plaintiff and Class members compensation for all hours worked, including deductions for time worked by putative Class Members. As a result, Defendant failed to pay Plaintiff and putative Class Members all wages due and owed after separation from employment in violation of ORS § 652.140.

83. In failing to pay all wages due upon separation of employment, Defendant knew that Plaintiff and putative Class Members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and putative Class Members at the date of termination. Defendant was capable of paying all wages earned and due at termination.

84. Defendant's failure to make payment of Plaintiff's and putative Class Members' final wages when due was willful and continued for not less than 30 days.

85. Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $6,480.00,[2] pursuant to ORS § 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, putative Class

---

[2] This calculation is subject to revision when Plaintiff has access to Defendant's time records and can then be calculated more accurately.

Members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS § 652.150.

86. Because of Defendant's failure to pay Plaintiff's and putative Class Members' wages within the time required by law, Plaintiff and Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

87. Plaintiff and putative Class Members seek statutory wages pursuant to ORS § 652.150; plus costs, disbursements and attorney fees pursuant to ORS § 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## PRAYER FOR RELIEF

88. For these reasons, Plaintiff, Collective, and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

(a) An order preventing Defendant from retaliating in any way against Plaintiff, Collective, and any Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

(b) An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

(c) An order finding that Defendant violated the FLSA;

(d) An order finding Defendant violated the FLSA willfully;

(e) All unpaid wages due under the FLSA;

(f) An equal amount as liquidated damages as allowed under the FLSA;

(g) Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

(h) An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

(i) An order finding that Defendant violated Oregon law;

(j) All unpaid overtime wages due under Oregon law to the extent same does not duplicate overtime wages due under the FLSA;

(k) An award of double damages as provided by Oregon law, to the extent same does not duplicate liquidated damages due under the FLSA;

(l) An award of treble damages as provided by Oregon law, to the extent same does not unduly overlap with other amounts due;

(m) All compensatory damages due under Oregon law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, Collective, and Class Members, together with interest on these amounts, according to proof;

(n) An award of civil penalties pursuant to the laws of the State of Oregon

(o) All attorneys' fees, costs and disbursements as provided by Oregon law;

(p) Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law;

(q) Such other and further relief as this Court deems just and proper.

Dated: December 20, 2024

Respectfully submitted,

*/s/ Whitney Stark*
**ALBIES & STARK**
Whitney Stark, OSB No. 090350
whitney@albiesstark.com

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
Carolyn H. Cottrell, California Bar No. 166977*
Esther L. Bylsma, California Bar No. 264208*
Sandra Acosta Tello, California Bar No. 315616*
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
sacostatello@schneiderwallace.com
*Pro hac vice forthcoming

*Attorneys for Plaintiff and the Putative Class*